[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION FOR SUMMARY JUDGMENT
On October 31, 2000, the plaintiff brought an action against her parents pursuant to the dog bite statute, Connecticut General Statutes § 22-357. She alleged that on December 21, 1999, her parents were the owners and keepers of a pitbull terrier and that while she was at their residence, the dog bit her face and caused her to suffer severe injuries and losses, including permanent disfigurement of her face. The plaintiff specifically alleged that she did not fall within any of the exceptions to the strict liability statute. The defendants, on January 21, 2001, filed an answer alleging as to all paragraphs of the complaint they had insufficient knowledge or information concerning the allegations and left the plaintiff to her proof. On March 19, 2001, the defendants amended CT Page 12814 their answer by adding a special defense that if the plaintiff was injured, it was due to her reckless or wanton conduct by stepping on the dog's tail. The plaintiff thereafter denied the special defense.
On April 10, 2001, the plaintiff filed the present motion for summary judgment, alleging that she is entitled to an immediate judgment of strict liability pursuant to the statute. She appended a copy of her deposition to the motion, alleging that it conclusively demonstrated that the defendants were the owners and caretakers of the dog and that she had not committed a trespass or other tort. Because of her beliefs as to the nature of the testimony, she claims she is entitled to judgment as a matter of law.
The defendants objected to the motion and, based on the same deposition testimony, claim that there is a genuine issue of material fact as to whether or not the plaintiff committed a tort on the evening in question by stepping on the dog's tail. The matter was assigned for argument on September 10, 2001. Neither counsel appeared and the court took the matter on the papers. For the reasons set forth below, the court denies the motion.
1. STANDARD OF REVIEW
Summary judgment shall be rendered "forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 7-49." In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . ." (Internal quotation marks omitted.) Home Ins. Co. v. Aetna Life Casualty Co.,235 Conn. 185, 202, 663 A.2d 1001 (1995). "The movant has the burden of demonstrating the absence of any genuine issue of material fact" Guptav. New Britain General Hospital, 239 Conn. 574, 582, 687 A.2d 111
(1996). Further, "The existence of the genuine issue of material fact must be demonstrated by counter affidavits and concrete evidence." (Internal citations omitted.) Prion v. Southern New England Telephone,44 Conn. App. 657, 663, 691 A.2d 1107 (1997).
2. DISCUSSION
Whether a fact is material in any given case depends upon and must be determined on the basis of the claims made in any given case. In this instant case, the statutory requirements are crucial. Connecticut General Statutes § 22-357 provides:
 "If any dog does any damage to either the body or CT Page 12815 property of any person, the owner or keeper, or, if the owner or keeper is a minor, the parent or guardian of such minor, shall be liable for such damage, except when such damage has been occasioned to the body or property of a person who, at the time such damage was sustained, was committing a trespass or other tort, or was teasing, tormenting or abusing such dog." What the defendants claim is that plaintiff committed a tort by stepping on the dog's tail.
There is no dispute that the plaintiff stepped on the pitbull's tail inadvertently, whereupon it jumped up and bit her face, biting off a part of her lip as well as causing her other injuries. In the case of McCarthyv. Daunis, 117 Conn. 307, 310, 167 A. 918 (1933), the court stated:
 "under our statute, § 3357, the only exception to the liability of the owner or keeper of a dog for damage done by it is when, at the time, the injured person was "committing a trespass or other tort," and this we have construed as confined to trespasses or torts committed upon the person or property of the owner or keeper or his family, which the dog would instinctively defend and protect, other torts of like nature, and torts against the dog itself of a nature calculated to incite it to defensive action by use of its natural weapons of defense."
Internal citations omitted. Emphasis added.
Bearing in mind the legal requirement that the court must view the evidence in the light most favorable to the non-moving party, the defendants in this case, the court finds that the plaintiff's action in stepping on the dog's tail could be construed to be a tort against the dog itself. It follows that therefore the plaintiff's allegation in paragraph 4 of her complaint that she was not committing a trespass or tort, or teasing, tormenting or abusing the dog" has been placed squarely at issue. Further, the court finds that this is a determination a jury would be entitled to make. A jury would be entitled to consider the questions, whether under these facts the plaintiff committed a tort? In addition, a jury would be entitled to consider and determine the question of whether or not the plaintiff's conduct in stepping on the dog's tail was the kind of action that could reasonably be expected "to incite a dog to defensive action." Because there is a significant disputed series of inferences which could be drawn from the established facts, the court holds that summary judgment is not proper in this case. The court therefore denies the plaintiff's motion. CT Page 12816
BY THE COURT
BARBARA M. QUINN Judge